1  STEVEN T. GUBNER - Bar No. 156593
   COREY R. WEBER - Bar No. 205912
2  **EZRA BRUTZKUS GUBNER LLP**
   21650 Oxnard Street, Suite 500
3  Woodland Hills, CA  91367
   Telephone:  818.827.9000
4  Facsimile:   818.827.9099
   Email:       sgubner@ebg-law.com
5               cweber@ebg-law.com

6  Special Litigation Counsel for
   Howard M. Ehrenberg, Chapter 7 Trustee
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                **LOS ANGELES DIVISION**

11 | In re | Case No. 2:09-bk-19539-ER |

12 | | Chapter 7 |
   | RUDERMAN CAPITAL PARTNERS, LLC, | |
13 | | **CHAPTER 7 TRUSTEE'S NOTICE OF** |
   | | **MOTION AND MOTION FOR** |
14 | Debtor. | **APPROVAL OF COMPROMISE WITH** |
   | | **DEFENDANTS: (1) LAWRENCE R.** |
15 | | **ELINS, INDIVIDUALLY AND AS** |
   | | **TRUSTEE OF THE ELINS FAMILY** |
16 | | **TRUST; (2) MALIBU TRADING AND** |
   | | **INVESTING, L.P.; (3) SUNIL DHIR,** |
17 | | **INDIVIDUALLY AND AS TRUSTEE OF** |
   | | **THE SUNIL AND NAVINDER DHIR** |
18 | | **FAMILY TRUST; (4) JONATHAN BANKS** |
   | | **AND JULIE BANKS; AND (5) JOHN J.** |
19 | | **HILLMANN, INDIVIDUALLY AND AS** |
   | | **EXECUTOR OF THE ESTATE OF** |
20 | | **ELIZABETH HILLMAN;** |
   | | **DECLARATION OF HOWARD M.** |
21 | | **EHRENBERG IN SUPPORT THEREOF** |
   | | **[Fed. R. Bank. P. 9019]** |
22

23 |  | **Date:**  May 19, 2010 |
   |  | **Time:**  10:00 a.m. |
24 |  | **Place:** Courtroom 1568 |
   |  |          United States Bankruptcy Court |
25 |  |          255 E. Temple Street |
   |  |          Los Angeles, CA  90012 |
26

27

28

1   **TO THE HONORABLE ERNEST ROBLES, JUDGE OF THE UNITED STATES**

2   **BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE,**

3   **LAWRENCE R. ELINS, INDIVIDUALLY AND AS TRUSTEE OF THE ELINS FAMILY**

4   **TRUST, MALIBU TRADING AND INVESTING, L.P., SUNIL DHIR, INDIVIDUALLY**

5   **AND AS TRUSTEE OF THE SUNIL AND NAVINDER DHIR FAMILY TRUST,**

6   **JONATHAN BANKS AND JULIE BANKS, AND JOHN J. HILLMANN,**

7   **INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF ELIZABETH**

8   **HILLMANN, AND ALL OTHER INTERESTED PARTIES:**

9            **PLEASE TAKE NOTICE** that Howard M. Ehrenberg, the Chapter 7 Trustee (the

10  "Trustee") for the bankruptcy estate of Ruderman Capital Partners, LLC ("RCP" or the "Debtor")

11  hereby moves this Court for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy

12  Procedure approving a compromise of controversies by way of a settlement agreement (the

13  "Agreement") by, among, and between the Trustee and defendants: (1) Lawrence R. Elins,

14  individually and as trustee of the Elins Family Trust ("Elins"); (2) Malibu Trading and Investing,

15  L.P. ("Malibu Trading"); (3) Sunil Dhir, individually and as trustee of the Sunil and Navinder

16  Dhir Family Trust ("Dhir"); (4) Jonathan Banks and Julie Banks (the "Banks"); and (5) John J.

17  Hillmann, individually and as executor of the estate of Elizabeth Hillmann ("Hillmann")(Elins,

18  Malibu Trading, Dhir, the Banks and Hillmann will collectively be referred to herein as the

19  "Defendants")(the Trustee and Defendants are each referred to individually as a "Party," and are

20  referred to collectively as the "Parties"), settling those certain adversary proceedings styled

21  *Ehrenberg v. Elins*, Adv No. 2:09-ap-03008-ER, *Ehrenberg v. Malibu Trading*, Adv. No. 2:09-ap-

22  02992-ER, *Ehrenberg v. Dhir*, Adv. No. 2:09-ap-02981-ER, *Ehrenberg v. Banks*, Adv. No. 2:09-

23  ap-02975-ER, and *Ehrenberg v. Hillmann*, Adv. No. 2:09-ap-02986-ER (collectively, the

24  "Adversary Proceedings"), as set forth more fully in the Agreement.  The hearing will take place

25  on May 19, 2010 at 10:00 a.m. in Courtroom 1568 of the United States Bankruptcy Court for the

26  Central District of California, Los Angeles Division, located at 255 East Temple Street, Los

27  Angeles, California.

28

- 1 -

1    The Agreement entered into by the Parties contains the following essential terms:  (1)

2    Defendants will pay to the Estate the total amount of One Million Three Hundred Eight

3    Thousand Seven Hundred Dollars ($1,308,700.00)  in full and complete settlement of the

4    Adversary Proceedings; (2) Defendants will waive all claims in the bankruptcy case; (3)

5    Defendants will provide representations and warranties, as well as declarations under penalty of

6    perjury, as to the reasons for their withdrawal of funds from the Debtor and affirming that they

7    did not have any actual or inquiry notice of any kind that the Debtor or Bradley Ruderman were

8    engaged in a Ponzi scheme or any other improper activity, and that the funds that they withdrew

9    from the Debtor were solely for the reasons stated by the Defendants; (4) Malibu Trading and

10   Dhir shall provide to the Trustee financial statements, that in the Trustee's sole and independent

11   discretion, demonstrate Malibu Trading and Dhir's financial condition relative to their inability

12   to satisfy any judgment the Trustee might obtain, including as a result of the Madoff fraud and

13   "clawback" liability; (5) the Trustee and Defendants shall provide general and mutual releases,

14   including a California Civil Code § 1542 waiver; and (4) the Agreement is subject to Court

15   approval.

16   **PLEASE TAKE FURTHER NOTICE** that this Motion is based upon this Notice of

17   Motion, the attached Memorandum of Points and Authorities, the Agreement, the declaration of

18   Howard M. Ehrenberg (the "Ehrenberg Declaration"), all papers and records in the above-

19   referenced bankruptcy case, all papers and records in the Adversary Proceedings, all matters of

20   which this Court may take judicial notice, and such further evidence and argument that may be

21   presented to the Court at the hearing on this matter.

22   **PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 9013-1(f) of the Local

23   Bankruptcy Rules, each interested party opposing, joining or responding to the Motion shall file

24   with the Clerk of the Bankruptcy Court and serve upon special litigation counsel for the Trustee in

25   the upper left hand corner of this pleading, the United States Trustee and upon Jules Kabat, Esq.

26   and Nathan D. Meyer, Esq., Russ, August & Kabat, 12424 Wilshire Boulevard, 12th Floor, Los

27   Angeles, CA  90025, not later than fourteen (14) days before the date designated for the hearing

28   either (A) a brief but complete written statement of all reasons in opposition thereto or in support

- 2 -

1   or joinder thereof, an answering memorandum of points and authorities, declarations and copies of

2   all photographs and documentary evidence on which the opposing party intends to rely; or (B) a

3   written statement that the Motion will not be opposed.  The opposing papers shall advise the

4   adverse party that any reply to the opposition shall be filed with the Court and served on the

5   opposing party not later than seven (7) calendar days (not excluding Saturdays, Sundays and legal

6   holidays) prior to the hearing on the Motion.

7         **PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 9013-1(h) of the Local

8   Bankruptcy Rules, failure to timely file and serve a response in accordance with the Local

9   Bankruptcy Rules may be deemed to constitute consent to the relief requested by the Trustee in

10  the Motion.  The Trustee respectfully requests that the Court enter an order granting this Motion

11  and granting such other and further relief as the Court deems just and proper.

12  Dated: April 21, 2010                    **EZRA BRUTZKUS GUBNER LLP**

13

14                                           By: /s/ Corey R. Weber _____

15                                                COREY R. WEBER
                                             Special Litigation Counsel for
16                                           Howard M. Ehrenberg, Chapter 7 Trustee

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

The Trustee filed his complaints (the "Complaints") against Defendants in the Adversary Proceedings for avoidance and recovery of fraudulent transfers. The Debtor was a hedge fund based in Beverly Hills, California that operated as a Ponzi scheme. Defendants were investors in, and members of, the Debtor. Prior to the petition date, Defendants withdrew the total amount of principal that they invested in the Debtor (which amounted to $8,000,000), together with $2,000,650 in net gains/false profits from the Debtor. The Complaints sought the avoidance and recovery of $10,000,650 from Defendants pursuant to 11 U.S.C. §§ 544, 548, 550 and California Civil Code § 3439, *et seq.*

The Parties have engaged in good faith settlement discussions that have resulted in the Agreement, which, if approved by the Court, will recover One Million Three Hundred Eight Thousand Seven Hundred Dollars ($1,308,700) for the Debtor's Estate. That amount represents approximately 85% of the net gains/false profits that Elins received from the Debtor, 100% of the net gains/false profits that the Banks received from the Debtor, 80% of the net gains/false profits that Hillmann received from the Debtor and 65% of the net gains/false profits that Dhir received from the Debtor. The recovery from Malibu Trading is only 10% of its net gains/false profits received from the Debtor, and the recovery from Dhir is 65% of the net gains/false profits received from the Debtor, given that, based on the Trustee's review of their financial statements, the Trustee believes that he might have difficulty in collecting on a judgment due to Malibu Trading and Dhir's assets and their potential exposure in litigation that may be commenced by Irving Picard in the Madoff Investment Securities, LLC ("Madoff") bankruptcy case. The Agreement achieves this beneficial result for the Debtor's Estate without the need for continued, and potentially costly, litigation, and the risks of litigation.

As part of the settlement discussions, the Trustee has reviewed documents provided by the Debtor, the Debtor's bank records and other documents provided by the United States Securities & Exchange Commission. Further, the Agreement includes representations and

- 4 -

1    warranties, and the Defendants will provide signed declarations under penalty of perjury, all of

2    which state to the Trustee's satisfaction that Defendants did not have any actual knowledge of

3    the Debtor's Ponzi scheme, and did not have inquiry notice of any improper activities by the

4    Debtor or Bradley Ruderman.  Therefore, the amount of the settlement payment in the

5    Agreement does not reflect the returns of principal that Defendants received from the Debtor.

6    The Trustee has thoroughly analyzed his claims, and Agreement, and, in his business judgment,

7    found that the Agreement is fair and reasonable and is in the best interests of the Estate.

8         Based on the grounds stated herein and in the Ehrenberg Declaration, the Trustee

9    respectfully requests that the Court grant this Motion and enter an order:

10        1.    Approving the Agreement;

11        2.    Authorizing the Trustee to take any and all other actions necessary or appropriate

12   to effectuate the Agreement; and

13        3.    Granting such other relief as the Court deems just and proper.

14   **II.**

15   **BACKGROUND**

16   **A.**    **The Bankruptcy Case.**

17        On or about April 23, 2009 (the "Petition Date"), petitioning creditors Pacific Credit

18   Corporation, Ryan Wald and the Jordan and Dori Katz Family Trust of 2006 filed an involuntary

19   petition against the Debtor under Title 11, Chapter 7 of the United States Code.  The Order for

20   Relief on the involuntary petition was entered by the Court on May 27, 2009.

21        The notice of appointment of Howard M. Ehrenberg as Chapter 7 Trustee and fixing of

22   bond and acceptance of appointment was executed by the Trustee on or about June 5, 2009 and

23   was filed with the Court the same day (the "Order Appointing the Trustee").

24        On July 30, 2009 the Court entered an order approving the Trustee's application to

25   employ Ezra Brutzkus Gubner LLP as the Trustee's special litigation counsel to pursue

26   preference on fraudulent transfer actions on behalf of the Estate.  The Court subsequently entered

27   an order on February 11, 2010 approving the Trustee's application to amend the Ezra Brutzkus

28   Gubner LLP employment order.

**B.    The Criminal Case Against Bradley Ruderman.**

The Debtor was a hedge fund with its principal place of business in Beverly Hills, California, operated by its manager, Ruderman Capital Management, LLC ("RCM") and by RCM's managing member, Bradley L. Ruderman ("Ruderman").

On or about May 14, 2009, the United States Department of Justice filed a criminal complaint against Ruderman for knowingly and intentionally executing a scheme to defraud investors related to the Debtor, engaging in wire fraud, among other things (United States District Court Case No. CR 0900757, pending in the Central District of California, Western Division).  Ruderman surrendered to Federal Bureau of Investigation agents following the criminal charges.  On or about August 6, 2009, the United States Department of Justice filed further information regarding five counts against Ruderman for wire fraud (two separate counts), investment advisor fraud (two separate counts), and willful failure to file a tax return (one count).  Among other things, the filing by the Department of Justice alleged that "Defendant RUDERMAN would not invest the money entrusted to him by victim-investors as he had promised to do.  Instead, without informing the victim-investors or obtaining their authorization, defendant RUDERMAN would use the victim-investor funds to make "interest" payments and returns of capital to other victim-investors; to fund cash disbursements to himself; to fund his gambling activities; and to pay his own personal expenses and obligations arising from other business activities."

On or about August 24, 2009 Ruderman pleaded guilty to all five criminal counts against him.  Ruderman was subsequently sentenced by the District Court on or about January 11, 2010 to more than 10 years in federal prison.

**C.    The Adversary Proceedings.**

The Trustee filed the Complaints against Defendants on December 9, 2009.  Defendants filed motions to dismiss the Complaints, which were heard by the Court, and were denied, on March 30, 2010.  Following the hearings on the motions to dismiss, the parties engaged in a settlement conference, which resulted in the Agreement.

- 6 -

1    The status conference in the Adversary Proceeding took place on March 15, 2010. At the

2    status conference, the Court set a discovery cut-off date of July 30, 2010, set a pretrial

3    conference for August 19, 2010 and set trial for the week of October 25, 2010.

4    **D.    The Salient Terms of the Agreement.**

5    Recognizing the litigation risks, and desiring to eliminate the costs of further and

6    protracted litigation, the Parties agreed to the following general terms of the Agreement (the

7    following is only a summary of the Agreement; all parties in interest are respectfully directed to

8    the Agreement itself, attached hereto as **Exhibit A** to the Ehrenberg Declaration, for the specific

9    terms of the Agreement; to the extent any terms listed below are inconsistent with the

10    Agreement, the terms of the Agreement shall govern):

11        1.    Defendants will pay to the Estate the total amount of One Million Three Hundred

12            Eight Thousand Seven Hundred Dollars ($1,308,700.00) in full and complete

13            settlement of the Adversary Proceedings. The amount is comprised of the

14            following: $1,111,671 from Elins; $49,000 from Malibu Trading; $103,575 from

15            Dhir; $35,690 from Hillman; and $8,764 from Banks.

16        2.    Defendants will waive all claims in the bankruptcy case;

17        3.    Defendants will provide representations and warranties, as well as declarations

18            under penalty of perjury, as to the reasons for their withdrawal of funds from the

19            Debtor and affirming that they did not have any actual or inquiry notice of any

20            kind that the Debtor or Bradley Ruderman were engaged in a Ponzi scheme or any

21            other improper activity, and that the funds that they withdrew from the Debtor

22            were solely for the reasons stated by Defendants;

23        4.    Malibu Trading and Dhir shall provide to the Trustee financial statements, that in

24            the Trustee's sole and independent discretion, demonstrate Malibu Trading and

25            Dhir's financial condition relative to their inability to satisfy any judgment the

26            Trustee might obtain, including as a result of the Madoff fraud and "clawback"

27            liability.

28

- 7 -

5.  The Trustee and Defendants shall provide general and mutual releases, including a California <u>Civil Code</u> § 1542 waiver, and the Trustee will additionally release Linda S. Elins and Navinder Dhir; and

6.  The Agreement is subject to Court approval.

The Trustee notes that, pursuant to the terms of the Agreement, he has received $1,308,700 from Defendants, and which the Trustee will hold in trust, subject to Court approval of the Agreement.  As set forth herein, the Agreement is the product of arms'-length negotiations between disinterested Parties, and is in the best interests of the Estate and its creditors and should be approved.

## III.

## ARGUMENT

**A.    Legal Standards for Approval.**

Federal Rule of Bankruptcy Procedure 9019 provides that on motion by a Trustee, the Court may approve a compromise or settlement.  Fed. R. Bankr. P. 9019(a).

The decision of whether to approve or reject a proposed compromise is addressed to the sound discretion of the Court and is to be determined by the particular circumstances of each case.  <u>In re Walsh Construction, Inc.</u>, 669 F.2d 1325, 1328 (9th Cir. 1982); <u>In re Woodson</u>, 839 F.2d 610, 620 (9th Cir. 1988); <u>In re A&C Properties</u>, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied*, 479 U.S. 854, 107 S. Ct. 189 (1986).

More specifically, a Court should review the following factors in considering whether to approve a proposed settlement:

(a) The probability of success in the litigation; (b) the difficulty, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises.

1    Woodson, *supra*, 839 F.2d at 620 (quoting A&C Properties, *supra*, 784 F.2d at 1381).    A

2    settlement negotiated by a trustee, as a representative of the Estate, is entitled to deference.    In re

3    Morrison, 69 B.R. 586, 592 (Bankr. E.D. Pa. 1987).

4          The Court need not conduct an exhaustive investigation into the validity or a mini-trial on

5    the merits of the claims sought to be compromised. In re Walsh Construction, Inc., *supra*, 669

6    F.2d at 1328.  In fact, the Court need not decide the questions of law and fact raised in the

7    controversies sought to be settled, and need not determine whether the settlement presented is the

8    best one that could possibly have been achieved.  Instead, the Court's responsibility is only to

9    "canvass the issues to see 'whether the settlement falls below the lowest point in the zone of

10    reasonableness.'" In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S.

11    822 (1984) (quoting Newman v. Stein, 464 F.2d 689, 698 (2d Cir.), *cert. denied*, 409 U.S. 1039

12    (1972)).

13          The Trustee has the right to exercise reasonable business judgment in an effort to

14    maximize the value of the assets of the Estate.  So long as a proposed compromise results in a

15    recovery above the lowest point in the range of reasonable compromises, the Trustee should be

16    authorized to proceed with such compromise.  In light of the facts and circumstances in this case,

17    application of the A&C Properties factors shows that the compromise set forth in the Agreement

18    is fair and equitable, is in the best interests of the Estate, and is well above the lowest point in the

19    range of reasonableness.

20    **B.**    **Application of the *A&C Properties* Factors Demonstrates That the Agreement**

21           **Should Be Approved.**

22          The Trustee has sufficiently evaluated the Agreement and has compared the benefits of

23    entering into the Agreement as opposed to continuing litigation with Defendants.  In evaluating

24    the Agreement, the Trustee has reviewed the numerous documents and information available to

25    him, including but not limited to the Debtor's bank records and documents provided to him by

26    the United States Securities and Exchange Commission.  Based on this evaluation, the Trustee

27    has determined that entering into the Agreement is in the best interests of the Estate because it is

28    fair and equitable, is a reasonable and appropriate exercise of the Trustee's business judgment,

- 9 -

1    and will avoid the time, expense and risk inherent in further litigation with Defendants.  The

2    Trustee has evaluated the A&C Properties factors in exercising his business judgment as to

3    whether to enter into the Agreement, and has concluded that under these factors, the Agreement

4    should be approved.

5        **1.    Probability of Success on the Merits.**

6        If the Adversary Proceeding were to be litigated, the Trustee is confident that he would

7    prevail on the causes of action for fraudulent transfer to the extent of the Defendants' receipt of

8    false profits/net gains from the Debtor, which amount to $2,000,650.  *See, e.g.,* Donell v.

9    Kowell, 533 F.3d 762 (9th Cir. 2008).  Based on his investigation as to Defendants' knowledge,

10   or inquiry notice, as to improper activities by the Debtor, and based on the Defendants'

11   representations and warranties in the Agreement, and the declarations under penalty of perjury to

12   be provided by Defendants to the Trustee reflecting the representations and warranties in the

13   Agreement, the Trustee believes that it is unlikely that he would ultimately recover the Debtor's

14   repayment of principal to Defendants of $8,000,000, which Defendants would likely assert in the

15   context of a good faith defense.

16       Based on the foregoing, and given the likely costs in connection with pursuing and

17   litigating the five Adversary Proceedings, the Trustee believes that the settlement amount in the

18   Agreement, $1,308,700, represents a fair and reasonable discount from the likely outcome in the

19   Adversary Proceedings, not including any interest awarded in a judgment.  The discount takes

20   into consideration the costs and risks associated with continuing the litigation.

21       The settlement amount represents approximately 85% of the net gains/false profits that

22   Elins received from the Debtor, 100% of the net gains/false profits that the Banks received from

23   the Debtor and 80% of the net gains/false profits that Hillmann received from the Debtor.  There

24   are greater discounts on the net gains/false profits received by Malibu Trading (recovery of 10%

25   of net gains false profits) and Dhir (recovery of 65% of net gains/false profits) based on their

26   assets and exposure in Madoff Investment Securities, LLC ("Madoff") "clawback" actions as

27   discussed in the section below.

28

- 10 -

2.      **The Difficulty, If Any, In Collection.**

The Trustee is informed and believes that the Defendants were investors in Madoff and may be subject to future "clawback" litigation in the Madoff bankruptcy case. In the event that the Madoff bankruptcy trustee were to file a suit against the Defendants, any judgment obtained against Defendants in the Madoff bankruptcy case could adversely impact the Trustee's recovery in the Adversary Proceedings. The recovery from Malibu Trading and Dhir is only 10% and 65%, respectively, of their net gains/false profits received from the Debtor given that, based on the Trustee's review of their financial statements, the Trustee believes that he might have difficulty in collecting on a judgment due to Malibu Trading and Dhir's assets as compared with their potential exposure in litigation that may be commenced in the Madoff bankruptcy case.

3.      **The Complexity, Expense and Inconvenience of Litigation.**

Certain of the claims asserted in the Complaints, namely the fraudulent transfer causes of action, would involve fairly complex issues of law and fact in relation to a good faith defense asserted by Defendants as to Defendants' actual or inquiry notice of improper activities of the Debtor. The litigation of the Complaints, including discovery, law and motion practice (including dispositive motions), and potential expert testimony, would take nearly one year. Although the Estate has employed Ezra Brutzkus Gubner LLP to pursue the Adversary Proceedings on a contingency basis, the Estate would still bear any costs associated with the Adversary Proceedings.

4.      **The Paramount Interests of Creditors.**

The Agreement, together with other pending settlement agreements and the Trustee's recovery in other actions, gives the Estate with a means of potentially providing a dividend to the general unsecured creditors of the Estate. The Agreement provides an absolutely certain benefit to the Estate in that it achieves a recovery for the Estate of $1,308,700, which amount the Trustee has in his possession, subject to Bankruptcy Court approval.

Based on the foregoing factors, the Trustee has concluded that entering into the Agreement is the most prudent and economical method of maximizing the recovery for the

1   Estate, and has exercised his reasonable business judgment in concluding that it is better to

2   proceed with the settlement than to continue litigating the Adversary Proceedings with

3   Defendants.

4                                              **IV.**

5                                     **CONCLUSION**

6           For the foregoing reasons, the Trustee respectfully requests that the Court grant this

7   Motion and enter an order:

8           1.      Approving the Agreement;

9           2.      Authorizing the Trustee to take any and all other actions necessary or appropriate

10  to effectuate the Agreement; and

11          3.      Granting such other relief as the Court deems just and proper.

12  Dated: April 21, 2010                        Respectfully Submitted,

13                                               **EZRA BRUTZKUS GUBNER LLP**

14

15                                               By: /s/ Corey R. Weber
16                                                    COREY R. WEBER
                                                 Special Litigation Counsel for
17                                               Howard M. Ehrenberg, Chapter 7 Trustee

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF HOWARD M. EHRENBERG

I, Howard M. Ehrenberg declare:

1.      I am an attorney at law duly admitted to practice before this Court and am the duly appointed, qualified and acting Chapter 7 trustee of the bankruptcy estate (the "Estate") of debtor Ruderman Capital Partners, LLC (the "Debtor"). Each of the facts contained in this declaration is based on personal knowledge and, if called as a witness, I could and would competently testify thereto under oath.

2.      I have been on the Panel of Chapter 7 Trustees since 1995. I have been a licensed attorney practicing exclusively in bankruptcy and insolvency matters since 1986. As a chapter 7 and 11 trustee, I have been the plaintiff in hundreds of adversary proceedings.

3.      On or about April 23, 2009 (the "Petition Date"), petitioning creditors Pacific Credit Corporation, Ryan Wald and the Jordan and Dori Katz Family Trust of 2006 filed an involuntary petition against the Debtor under Title 11, Chapter 7 of the United States Code. The Order for Relief on the involuntary petition was entered by the Court on May 27, 2009.

4.      I executed the notice of appointment of Howard M. Ehrenberg as Chapter 7 Trustee and fixing of bond and acceptance of appointment on or about June 5, 2009 and the notice was filed with the Court the same day.

5.      On July 30, 2009 the Court entered an order approving my application to employ Ezra Brutzkus Gubner LLP as my special litigation counsel to pursue preference and fraudulent transfer actions. The Court subsequently entered an order on February 11, 2010 approving my application to amend the Ezra Brutzkus Gubner LLP employment order.

6.      The Debtor was a hedge fund with its principal place of business in Beverly Hills, California, operated by its manager, Ruderman Capital Management, LLC ("RCM") and by RCM's managing member, Bradley L. Ruderman ("Ruderman").

7.      I am informed and believe that on or about May 14, 2009, the United States Department of Justice filed a criminal complaint against Ruderman for knowingly and intentionally executing a scheme to defraud investors related to the Debtor, engaging in wire fraud, among other things (United States District Court Case No. CR 0900757, pending in the

- 13 -

1   Central District of California, Western Division). I am further informed and believe that

2   Ruderman surrendered to Federal Bureau of Investigation agents following the criminal charges.

3   On or about August 6, 2009, the United States Department of Justice filed further information

4   regarding five counts against Ruderman for wire fraud (two separate counts), investment advisor

5   fraud (two separate counts), and willful failure to file a tax return (one count). Among other

6   things, the filing by the Department of Justice alleged that "Defendant RUDERMAN would not

7   invest the money entrusted to him by victim-investors as he had promised to do. Instead, without

8   informing the victim-investors or obtaining their authorization, defendant RUDERMAN would

9   use the victim-investor funds to make "interest" payments and returns of capital to other victim-

10  investors; to fund cash disbursements to himself; to fund his gambling activities; and to pay his

11  own personal expenses and obligations arising from other business activities."

12      8.      I am informed and believe that on or about August 24, 2009 Ruderman pleaded

13  guilty to all five criminal counts against him. I am further informed and believe that Ruderman

14  was subsequently sentenced by the District Court on or about January 11, 2010 to more than 10

15  years in federal prison.

16      9.      Through my special litigation counsel, I filed the Complaints against Defendants

17  on December 9, 2009. Defendants filed motions to dismiss, which were heard by the Court, and

18  were denied, on March 30, 2010. The status conference in the Adversary Proceeding took place

19  on March 15, 2010. At the status conference, the Court set a discovery cut-off date of July 30,

20  2010, set a pretrial conference for August 19, 2010 and set trial for the week of October 25,

21  2010.

22      10.     On or about April 21, 2010, I executed the Agreement with Defendants. A true

23  and correct copy of the Agreement is attached hereto as **Exhibit A** and is incorporated herein by

24  reference. Pursuant to the terms of the Agreement, I have received One Million Three Hundred

25  Eight Thousand Seven Hundred Dollars ($1,308,700.00) from Defendants, will hold that amount

26  in trust, subject to Court approval of the Agreement.

27      11.     In analyzing the reasonableness of the Agreement, I considered the four factors

28  established by the Ninth Circuit in the <u>A & C Properties</u> case, including: (1) probability of success

- 14 -

1    in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the

2    complexity of the litigation and the expense, inconvenience and delay attending it; and (4) the

3    paramount interests of creditors.  My analysis in this regard follows in the paragraphs below.

4        12.    <u>Probability of Success on the Merits</u>.  If the Adversary Proceeding were to be

5    litigated, I am confident that I would prevail on the causes of action for fraudulent transfer to the

6    extent of the Defendants' receipt of false profits/net gains from the Debtor, which amount to

7    $2,000,650.  *See, e.g.,* <u>Donell v. Kowell</u>, 533 F.3d 762 (9th Cir. 2008).  Based on my

8    investigation as to Defendants' knowledge, or inquiry notice, as to improper activities by the

9    Debtor, and based on the Defendants' representations and warranties in the Agreement, and the

10   declarations under penalty of perjury to be provided by Defendants to me reflecting the

11   representations and warranties in the Agreement, I believe that it is unlikely that I would

12   ultimately recover the Debtor's repayment of principal to Defendants of $8,000,000, which

13   Defendants would likely assert in the context of a good faith defense.  Based on the foregoing,

14   and given the likely costs in connection with pursuing and litigating the five Adversary

15   Proceedings, I believe that the settlement amount in the Agreement, $1,308,700, represents a fair

16   and reasonable discount from the likely outcome in the Adversary Proceedings, not including

17   any interest awarded in a judgment.  The discount takes into consideration the costs and risks

18   associated with continuing the litigation.  The settlement amount represents approximately 85%

19   of the net gains/false profits that Elins received from the Debtor, 100% of the net gains/false

20   profits that the Banks received from the Debtor and 80% of the net gains/false profits that

21   Hillmann received from the Debtor.  There are greater discounts on the net gains/false profits

22   received by Malibu Trading and Dhir based on their assets and exposure in Madoff Investment

23   Securities, LLC ("Madoff") "clawback" actions as discussed in the section below.

24       13.    <u>Collection Risk</u>.  I am informed and believe that the Defendants were investors in

25   Madoff and may be subject to future "clawback" litigation in the Madoff bankruptcy case.  In the

26   event that the Madoff bankruptcy trustee were to file a suit against the Defendants, any judgment

27   obtained against Defendants in the Madoff bankruptcy case could adversely impact my recovery

28   in the Adversary Proceedings.  The recovery from Malibu Trading and Dhir is only 10% and

65%, respectively, of their net gains/false profits received from the Debtor given that, based on my review of their financial statements, I believe that I might have difficulty in collecting on a judgment due to Malibu Trading and Dhir's assets as compared with their potential exposure in litigation that may be commenced in the Madoff bankruptcy case.

14.    Complexity of the Litigation and the Expense, Inconvenience and Delay Necessarily Attending It.  Certain of the claims asserted in the Complaints, namely the fraudulent transfer causes of action, would involve fairly complex issues of law and fact in relation to a good faith defense asserted by Defendants as to Defendants' actual or inquiry notice of improper activities of the Debtor.  The litigation of the Complaints, including discovery, law and motion practice (including dispositive motions), and potential expert testimony, would take nearly one year. Although the Estate has employed Ezra Brutzkus Gubner LLP to pursue the Adversary Proceedings on a contingency basis, the Estate would still bear any costs associated with the Adversary Proceedings.

15.    Paramount Interest of Creditors.  The Agreement, together with other pending settlement agreements and my recovery in other actions, gives the Estate with a means of potentially providing a dividend to the general unsecured creditors of the Estate.  The Agreement provides an absolutely certain benefit to the Estate in that it achieves a recovery for the Estate of $1,308,700, which amount I have in my possession, subject to Bankruptcy Court approval.

16.    The Agreement is the product of arms'-length negotiations between disinterested Parties. Based on the foregoing, it is my opinion that the Agreement is fair, reasonable, is in the best interests of the Estate, and should be approved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 21, 2010 at Los Angeles, California.

HOWARD M. EHRENBERG

- 16 -

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Howard M. Ehrenberg, Chapter 7 bankruptcy trustee (the "Trustee") for the Chapter 7 bankruptcy estate of debtor Ruderman Capital Partners, LLC, a California limited liability company (the "Debtor") (the "Estate"), defendants Lawrence R. Elins, individually and as trustee of the Elins Family Trust ("Elins"), Malibu Trading and Investing, L.P., a California limited partnership ("Malibu Trading"), Sunil Dhir, individually and as trustee of the Sunil and Navinder Dhir Family Trust ("Dhir"), Jonathan Banks, an individual, and Julie Banks, an individual (the "Banks") and John J. Hillman, individually and as executor of the Elizabeth Hillmann estate ("Hillmann") (Elins, Malibu Trading, Dhir, the Banks and Hillmann are collectively referred to herein as the "Defendants").  The Trustee and Defendants, the parties hereto (collectively referred to as the "Parties,") agree as follows:

## RECITALS

A.    WHEREAS, on April 23, 2009, petitioning creditors Pacific Credit Corporation, Ryan Wald and the Jordan and Dori Katz Family Trust of 2006 filed an involuntary petition under Title 11, Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, Case No. 2:09-bk-19539-ER (the "Bankruptcy Case").  The Order for Relief on the involuntary petition was entered by the Court on May 27, 2009.  The notice of appointment of the Trustee was executed by the Trustee on or about June 5, 2009 and was entered by the Court the same day.

B.    WHEREAS, on December 9, 2009, the Trustee filed Complaints against the Defendants to Avoid and Recover Fraudulent Transfers (the "Complaints"), which initiated the adversary proceedings titled:

1. Ehrenberg v. Elins, Adv. No. 2:09-ap-03008-ER (the "Elins Adversary Proceeding");
2. Ehrenberg v. Malibu Trading & Investing, L.P., Adv. No. 2:09-ap-02992-ER (the "Malibu Trading Adversary Proceeding");
3. Ehrenberg v. Dhir, Adv. No. 2:09-ap-02981-ER (the "Dhir Adversary Proceeding");
4. Ehrenberg v. Banks, Adv. No. 2:09-ap-02975-ER (the "Banks Adversary Proceeding");
5. Ehrenberg v. Hillmann, Adv. No. 2:09-ap-02986-ER (the "Hillmann Adversary Proceeding");

(the Elins Adversary Proceeding, Malibu Trading Adversary Proceeding, Dhir Adversary Proceeding, Banks Adversary Proceeding and the Hillmann Adversary Proceeding are collectively referred to herein as the "Adversary Proceedings") currently pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court");

C.    WHEREAS, Defendants dispute that the alleged fraudulent transfers are avoidable or recoverable by the Trustee;

D.    WHEREAS, in order to fully and finally resolve the disputes described herein and to avoid the hazards and expense of litigation, the Trustee and Defendants hereby enter into this compromise and settlement.

NOW, THEREFORE, in consideration of the mutual terms and covenants to be performed by each party, the Parties hereby agree as follows:

1

**EXHIBIT "A"**                                    17

## TERMS OF AGREEMENT

1. _Effective Date._ Upon his receipt of the fully executed Agreement, the Trustee will promptly seek the Bankruptcy Court's approval of this Agreement. This Agreement shall become effective on the eleventh (11th) day after a final and non-appealable order is entered by the Bankruptcy Court approving this Agreement (the "Effective Date").

2. _Payment by Defendants._ Defendants shall pay the total amount of One Million Three Hundred Eight Thousand and Seven Hundred Dollars ($1,308,700.00) to the Trustee (the "Settlement Amount") within five (5) business days after all parties have executed this Agreement, or April 21, 2010, whichever comes first. The Settlement Amount shall be paid by cashier's check made payable to "Howard M. Ehrenberg, Chapter 7 Trustee for Ruderman Capital Partners, LLC." The Settlement Amount shall be delivered to the attention of Steven T. Gubner, Esq. and Corey R. Weber, Esq., Ezra Brutzkus Gubner LLP, 21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367. If this Agreement is not approved by the Court, the Trustee shall promptly return the Settlement Amount to counsel for Defendants and this Agreement shall be of no further force or effect.

3. _Allocation of Settlement Amount._ The Settlement Amount shall be allocated as follows: (a) One Million One Hundred Eleven Thousand Six Hundred Seventy One Dollars ($1,111,671.00) from Elins; (b) Forty-Nine Thousand Dollars ($49,000.00) from Malibu Trading; (c) One Hundred Three Thousand Five Hundred Seventy Five Dollars ($103,575.00) from Dhir; (d) Thirty-five Thousand Six Hundred Ninety Dollars ($35,690.00) from Hillman; and (e) Eight Thousand Seven Hundred Sixty Four Dollars ($8,764.00) from Banks. Dhir and Malibu Trading shall provide the Trustee financial statements that, in the Trustee's sole and independent discretion, demonstrate Dhir and Malibu Trading's financial condition relative to their inability to satisfy any judgment the Trustee might obtain, including as a result of the Madoff fraud.

4. _Dismissal Of Adversary Proceedings._ Within five (5) business days after the Effective Date, after the Trustee has: (1) received the Settlement Amount; and (2) the Court has approved this Agreement, the Trustee shall file a Notice of Dismissal in the Adversary Proceedings with prejudice and with each party bearing his/her/its own respective attorney's fees and costs in connection with the Adversary Proceeding and this Agreement.

5. _Release of Claims._ The Trustee, on behalf of the Debtor, Debtor's Estate, and on behalf of their respective successors and assigns, and anyone claiming through or under any of the foregoing, and each of them, without the necessity of executing any other document or agreement, and effective upon the Effective Date, as defined above, hereby fully releases and forever discharges the Defendants, as well as Linda S. Elins and Navinder Dhir, from any and all actual or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys fees, liabilities, and indemnities, whether known or unknown, arising from or relating to the Complaint, and from any other potential avoidance action, including, but not limited to, any action arising under 11 U.S.C. §§ 544, 547, 548 and 550 and California Civil Code § 3439, _et seq.._.

Defendants, on their behalf, and on behalf of the Elins Family Trust, the Sunil and Navinder Family Trust, and the estate of Elizabeth Hillmann, without the necessity of executing any other document or agreement, and effective upon the Effective Date, as defined above, hereby fully release and forever discharge the Trustee, the Debtor's Estate, and the Trustee's attorneys and other professionals from all actual or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys fees, liabilities, and indemnities, whether known or unknown, arising from or relating to the Complaints, and from any other potential action or claim against the Trustee, the Debtor's Estate and

2

**18**

all proofs of claim filed in the Bankruptcy Case, and/or claims scheduled by the Debtor in the Bankruptcy Case and agree that they shall not receive any distribution on account of a claim in the Bankruptcy Case.

The Parties understand that the release of claims set forth in this Agreement covers claims within the areas specified which the Parties have knowledge of and those which they may not know about. The Parties expressly waive all rights under Section 1542 of the California Civil Code, which Section the Parties have read and understand, and which provides as follows:

> **SECTION 1542. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

6.    Defendants' Representations.

a.    Defendants represent to the Trustee the following:

   a.    Malibu Trading's general partners consist of the following: Keith Vinnecour, Patricia Vinnecour. Malibu Trading's limited partners consist of the following: Linda S. Elins, Lawrence R. Elins.

   b.    In or about June 2004 and January 2005, Defendants invested a total of approximately $8 million in the Debtor. Defendants were members of/investors in the Debtor.

   c.    In or about August 2006 and September 2006, Defendants withdrew approximately $10 million from the Debtor. Defendants withdrew funds from Debtor's collective investment fund and placed them into a separate account under Ruderman's discretionary investment control (see, e.g., paragraph 6d, below) variously in order to address attendant tax loss and charitable giving issues and for other investment purposes.

   d.    Defendants subsequently opened accounts with Witenberg Investments, Inc. ("Witenberg") using proceeds from the withdrawals from the Debtor. Bradley Ruderman was an authorized agent to execute trades on Defendants' accounts at Witenberg. However, the Defendants controlled the account. The accounts at Witenberg sustained market losses and the Defendants closed the accounts in late 2008. The Defendants closed the Witenberg accounts following the arrest of Bernard L. Madoff in late 2008 because the Defendants also had investments in Bernard L. Madoff Investment Securities, LLC that were likely rendered valueless.

   e.    Defendants did not have any actual or inquiry notice of any kind that the Debtor or Bradley Ruderman were engaged in a Ponzi scheme or any other improper activity and the funds that the Defendants withdrew from the Debtor were withdrawn solely for the reasons stated herein above.

3

**19**

f.      Concurrently with the execution of this Agreement, Defendants agree to execute declarations under penalty of perjury affirming the representations made by the Defendants herein.

7.      <u>Non-Admission</u>.      By entering into this Agreement, the Parties agree and understand that this is a compromise and settlement of disputed claims and that there is no implication or admission of liability or wrongdoing whatsoever by the Parties with respect to the issues in dispute.  The Parties further agree and understand that by entering into this Agreement, the existence and execution of this Agreement shall not be considered, nor be offered or received into evidence or otherwise filed or lodged in any proceeding, except as may be necessary to prove the terms of this Agreement or to enforce this Agreement, nor may it be considered or deemed admissible as an admission by the Parties of any liability, wrongdoing, error, or violation of law.

8.      <u>Integration</u>.      This is an integrated Agreement.  The terms of this Agreement are contractual and are not merely recitals.  This Agreement supersedes all prior representations and agreements, if any, between the parties or their legal counsel.  This Agreement contains the entire and only understanding between the Parties.  It may not be altered, amended or extinguished, except by a writing which expressly refers to this Agreement and which is signed subsequent to the execution of this Agreement by the party or parties to any such alteration, amendment or extinguishment, or their successors-in-interest.  Any such alteration, amendment or extinguishment must be executed by the party against whom enforcement is sought and is subject to approval by the Bankruptcy Court.

9.      <u>Severability</u>.      If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

10.      <u>Binding Effect</u>.      This Agreement shall be binding upon and inure to the benefit of the Trustee, the Debtor's Estate, and Defendants, and each of them, and their respective heirs, executors, administrators, assigns, successors-in-interest, predecessors-in-interest and anyone claiming by, through or under any one of them.

11.      <u>Construction.</u>      This Agreement shall be governed and construed in accordance with the internal laws, other than choice of law, of the State of California and, where applicable, the United States Bankruptcy Code.

12.      <u>Jurisdiction</u>.      The Bankruptcy Court shall retain jurisdiction over this Agreement, even after dismissal of the Adversary Proceeding, and shall resolve any disputes arising under this Agreement.

13.      <u>Miscellaneous</u>.      As used in this Agreement, the masculine, feminine or neuter gender, or the singular or plural number, shall be deemed to include the others, whenever the text so indicates.  Captions and paragraph headings are inserted solely for convenience and shall not be deemed to restrict or limit the meaning of the text.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

14.      <u>Authority</u>.      Each of the signatories to this Agreement warrants that he or she has the authority to sign on behalf of the Party to this Agreement and that no other signature is required.

15.      <u>Terms Read and Understood</u>.      The Parties to this Agreement hereby certify that they

4

have read all of the terms of the foregoing Agreement, have conferred with counsel pertaining to same, or have had the full opportunity to do so, and fully understand all of the terms hereof, and the Parties hereby acknowledge and represent that they enter into this Agreement of their own free will and not from any representation, commitment, promise, pressure or duress from any other Party.

16.    <u>Counterparts and Facsimile and Pdf Signatures</u>.    This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and will become effective and binding upon the parties at such time as all of the signatories hereto have signed a counterpart of this Agreement, subject to Court approval.  All counterparts so executed shall constitute one Agreement binding on all the parties hereto, subject to Court approval, notwithstanding that all parties are not signatories to the same counterpart.  A facsimile of pdf signature shall, for purposes of this Agreement, be deemed to constitute an original signature and be binding as such.

Dated: _____

HOWARD M. EHRENBERG,
CHAPTER 7 BANKRUPTCY TRUSTEE FOR
DEBTOR RUDERMAN CAPITAL PARTNERS, LLC


By: _____
    HOWARD M. EHRENBERG
    Chapter 7 Trustee

Dated: ___4/15/10___

DEFENDANT LAWRENCE R. ELINS

By: _____
    LAWRENCE R. ELINS, an individual

Dated: ___4/15/10___

THE ELINS FAMILY TRUST

By _____ Trustee
    LAWRENCE R. ELINS, Trustee

Dated: ___4/19/10___

MALIBU TRADING AND INVESTING L.P.

By: _____
    KEITH VINNECOUR, General Partner

Dated: ___4/19/10___

DEFENDANT SUNIL DHIR

By: _____
    SUNIL DHIR, an individual

5

**21**

Dated: _4\19\10_

THE SUNIL AND NAVINDER DHIR FAMILY TRUST

By: _____
    SUNIL DHIR, Trustee

Dated: _4/14/10_

DEFENDANT JONATHAN BANKS

By: _____
    JONATHAN BANKS, an individual

Dated: _4-14-10_

DEFENDANT JULIE BANKS

By: _____
    JULIE BANKS, an individual

Dated: _____

DEFENDANT JOHN J. HILLMANN

By: _____
    JOHN J. HILLMANN, an individual

Dated: _____

THE ESTATE OF ELIZABETH HILLMANN

By: _____
    JOHN J. HILLMANN, Executor

Approved as to Form:

Dated: _____

    EZRA BRUTZKUS GUBNER LLP

By: _____
    STEVEN T. GUBNER
    COREY R. WEBER
    Special Litigation Counsel for
    Howard M. Ehrenberg, Chapter 7 Trustee
    for Debtor, Ruderman Capital Partners, LLC

Dated: _____

6

**22**

Dated: _____                    THE SUNIL AND NAVINDER DHIR FAMILY TRUST

                                            By: _____
                                               SUNIL DHIR, Trustee

Dated: _____                    DEFENDANT JONATHAN BANKS

                                            By: _____
                                               JONATHAN BANKS, an individual

Dated: _____                    DEFENDANT JULIE BANKS

                                            By: _____
                                               JULIE BANKS, an individual

Dated: _____4-15-10_____                     DEFENDANT JOHN J. HILLMANN

                                            By: _____
                                               JOHN J. HILLMANN, an individual

Dated: _____4-15-10_____                     THE ESTATE OF ELIZABETH HILLMANN

                                            By: _____
                                               JOHN J. HILLMANN, Executor

Approved as to Form:

Dated: _____

       EZRA BRUTZKUS GUBNER LLP


       By: _____
          STEVEN T. GUBNER
          COREY R. WEBER
          Special Litigation Counsel for
          Howard M. Ehrenberg, Chapter 7 Trustee
          for Debtor, Ruderman Capital Partners, LLC

Dated: _____

6

23

RUSS AUGUST & KABAT

By: _____

JULES KABAT
NATHAN D. MEYER
Attorneys for Defendants Lawrence R. Elins,
Individually and as trustee of the Elins Family Trust,
Malibu Trading and Investing, L.P., Sunil Dhir, individually
and as trustee of the Sunil and Navinder Dhir Family Trust,
Jonathan Bank, Julie Banks, John J. Hillmann, individually and
as executor of the estate of Elizabeth Hillmann

| | |
|---|---|
| In re: RUDERMAN CAPITAL PARTNERS, LLC,<br><br>Debtor(s). | CHAPTER **7**<br>CASE NUMBER **2:09-bk-19539-ER** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.**

A true and correct copy of the foregoing document described **CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF COMPROMISE WITH DEFENDANTS: (1) LAWRENCE R. ELINS, INDIVIDUALLY AND AS TRUSTEE OF THE ELINS FAMILY TRUST; (2) MALIBU TRADING AND INVESTING, L.P.; (3) SUNIL DHIR, INDIVIDUALLY AND AS TRUSTEE OF THE SUNIL AND NAVINDER DHIR FAMILY TRUST; (4) JONATHAN BANKS AND JULIE BANKS; AND (5) JOHN J. HILLMANN, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF ELIZABETH HILLMAN; DECLARATION OF HOWARD M. EHRENBERG IN SUPPORT THEREOF [Fed. R. Bank. P. 9019]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 22, 2010,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Garrick A Hollander -** sconnor@winthropcouchot.com
**Sandra W Lavigna -** lavignas@sec.gov
**Daniel A Lev -** dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
**Nathan D Meyer -** nmeyer@raklaw.com, ksanderlin@raklaw.com
**Damon G Saltzburg -** ds@srblaw.com, cs@srblaw.com
**United States Trustee (LA) -** ustpregion16.la.ecf@usdoj.gov
**Katherine M Windler -**  katherine.windler@bryancave.com

☐     Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **April 22, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Honorable Ernest M. Robles                         Chapter 7 Trustee
United States Bankruptcy Court                    Howard M. Ehrenberg
Los Angeles Division – Roybal Federal Bldg.    SulmeyerKupetz
255 E. Temple Street, Suite 1560                 333 South Hope Street, 35th Floor
Los Angeles, CA  90012-3332                      Los Angeles, CA  90071

☒     Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 22, 2010 | MELA ZEPEDA | /s/ Mela Zepeda |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

25

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                              **F 9013-3.1**

| | |
|---|---|
| In re: RUDERMAN CAPITAL PARTNERS, LLC,<br><br>Debtor(s). | CHAPTER  7<br>CASE NUMBER 2:09-bk-19539-ER |

## BY U.S. MAIL

ABRAMSON LIVING TRUST
c/o LAURENCE ABRAMSON
3921 ROCK HAMPTON DRIVE
TARZANA, CA 91356

ALAN ABRAMSON
ALAN ABRAMSON LIVING TRUST
9405 BRIGHTON WAY, SUITE 34
BEVERLY HILLS, CA 90210

ANDREW L. DUDNICK, ESQ.
DUDNICK DETWILER RIVIN & STIKKER
351 CALIFORNIA ST. FIFTEENTH FLOOR
SAN FRANCISCO, CA 94104

ANTHONY BROWN
ANTHONY BROWN REVOCABLE TRUST
4203 COLONY PLAZA
NEWPORT BEACH, CA 92660

AUSTIN COOPER KATZ
10330 KESWICK
LOS ANGELES, CA 90064

CHRISTIAN J. MIXTER ESQ.
MORGAN LEWIS
1111 PENNSYLVANIA AVE. NW
WASHINGTON, DC 20004

DAVID L. RAY. ESQ.
12121 WILSHIRE BLVD., SUITE 600
LOS ANGELES, CA 90025

DAYAKAR PUSKOOR
6803 CARRIAGE LANE
COLLEYVILLE, TX 76034

DEAN A. AVEDON, CPA
12301 WILSHIRE BLVD., SUITE 200
LOS ANGELES, CA 90025

EMPLOYMENT DEVELOPMENT DEPT.
BANKRUPTCY GROUP MIC 92E
P. O. BOX 826880
SACRAMENTO, CA  94280-0001

FRANCHISE TAX BOARD
BANKRUPTCY UNIT
PO BOX 2952
SACRAMENTO, CA 95812

FRIEDMAN FAMILY TRUST
c/o Edward Friedman & Ruth Friedman
1047 ALVIRA STREET
LOS ANGELES, CA 90035

GOLDMAN SACHS
EXECUTION & CLEARING
30 HUDSON STREET
JERSEY CITY, NJ 07302

HALPERN FAMILY TRUST
c/o IRA HALPERN & SUSAN HALPERN
10145 VANALDEN AVENUE
NORTHRIDGE, CA 91324

HALPERN FAMILY TRUST
c/o IRA HALPERN
10145 VANALDEN AVENUE
NORTHRIDGE, CA 91324

INTERNAL REVENUE SERVICE
INSOLVENCY I STOP 5022
300 NORTH LOS ANGELES ST., RM 4062
LOS ANGELES, CA 90012-9903

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
P.O. BOX 21126
PHILADELPHIA, PA  19114-0326

JAMES D. RIDDET, ESQ
STOKKE & RIDDET
3 MACARTHUR PLACE, SUITE 750
SANTA ANA, CA 92707

JORDAN AND DORI KATZ FAMILY TRUST OF 2006
10877 WILSHIRE BLVD., SUITE 1805
LOS ANGELES, CA 90024

SARA PFROMMER
2663 LITTLE KATE ROAD
PO BOX 3915
PARK CITY, UT  84060-3915

EDWARD FRIEDMAN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CA  90211-2406

RICHARD I. KATZ
THE MODERN HEALTH COMPANIES
110 EAST HUNTINGTON DRIVE
MONROVIA, CA  91016-3415

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

In re: RUDERMAN CAPITAL PARTNERS, LLC,

Debtor(s).

CHAPTER  7
CASE NUMBER 2:09-bk-19539-ER

KATZ FAMILY TRUST
C/O JORDAN KATZ, TRUSTEE
653 MORENO AVENUE
LOS ANGELES, CA 90049

LARRY NOGGLE
BIRDIE ONE
31 SILVER PINE
NEWPORT COAST, CA  92603

LMA 7, LTD
JOHN H. ROBERTSON
1 LONGHORN ROAD
BURNET, TX 78611

LOS ANGELES CITY CLERK
P. O. BOX 53200
LOS ANGELES, CA  90053-0200

MIHIR PARIKH & NANCY PARIKH LIVING TRUST
683 WEST MAUDE AVENUE
SUNNYVALE, CA 94085
*[Mail Returned - no forwarding]*

NOURMAND & ASSOCIATES REALTORS
11828 SAN VICENTE BLVD.
LOS ANGELES, CA 90049

PACIFIC CREDIT CORP
C/O CATHERINE BABAN SCANLON
6260 LOOKOUT RD.
BOULDER, CO 80301

PRABHAKAR GUNIGANTI SECURITIES LTD
PRABHAKAR GUNIGANTI
50 WATERFORD
NACOGDOCHES, TX 75961

RICHARD AND NANCY KATZ FAMILY TRUST
5255 AMESTOY AVENUE
ENCINO, CA 91316

RICHARD V SANDLER, ESQ.
MARON & SANDLER
1250 FOURTH STREET, SUITE 550
SANTA MONICA, CA 90401

ROTHBARD DIVERSIFIELD L.P.
C/O DR. RICHARD & TERRY ROTHBARD
2317 SOUTH COAST HIGHWAY
LAGUNA BEACH, CA 92651

TERRY AND RICHARD ROTHBARD
c/o TIMOTHY D. CARLYLE
SONGSTAD & RANDALL LLP
2201 DUPONT DRIVE, SUITE 100
IRVINE, CA  92612-7511

RUDERMAN CAPITAL PARTNERS, LLC
ATTN: BRADLEY L. RUDERMAN, AGENT
6 HUTTON CENTRE, SUITE 1000
SANTA ANA, CA 92707

RUDERMAN CAPITAL PARTNERS, LLC
9440 SANTA MONICA BLVD., SUITE 600
BEVERLY HILLS, CA  90210-4619
*[Mail Returned - no forwarding]*

RYAN WALD
10877 WILSHIRE BLVD., SUITE 1805
BEVERLY HILLS, CA 90024

RYAN WALD
3312 MANHATTAN AVE
MANHATTAN BEACH, CA 90266

U.S. SECURITIES & EXCHANGE COMM.
LOS ANGELES REGIONAL OFFICE
5670 WILSHIRE BLVD., 11TH FLR
LOS ANGELES, CA  90036

THOMAS A WALDMAN
6260 LOOKOUT RD.
BOULDER, CO 80301

WILLIAM D. COFFEE, ESQ.
SONGSTAD & RANDALL LLP
2201 DUPONT DRIVE, SUITE 100
IRVINE, CA  92612

WILLIAM A. FLORATOS, ESQ.
FLORATOS, LOLL & DEVINE
6 HUTTON CENTRE, SUITE 1000
SANTA ANA, CA  92707

WRENN E. CHAIS, ESQ.
STROOCK & STROOCK & LAVAN
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067

ARTHUR A. GREENBERG, ESQ.
GREENBERG & BASS LLP
16000 VENTURA BLVD., SUITE 1000
ENCINO, CA  91436

WILLIAM N. LOBEL, ESQ.
THE LOBEL FIRM, LLP
840 NEWPORT CENTER DR., STE. 750
NEWPORT BEACH, CA  92660

27

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1