STEVEN T. GUBNER – Bar No. 156593
COREY R. WEBER – Bar No. 205912
**EZRA BRUTZKUS GUBNER LLP**
21650 Oxnard Street, Suite 500
Woodland Hills, CA  91367
Telephone:  818.827.9000
Facsimile:   818.827.9099
Email:        sgubner@ebg-law.com
                   cweber@ebg-law.com

Special Litigation Counsel for
Howard M. Ehrenberg, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| In re | Case No. 2:09-bk-19539-ER |
|---|---|
| RUDERMAN CAPITAL PARTNERS, LLC, | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF COMPROMISE WITH DEFENDANTS JOHN MONTEVERDE AND CYNTHIA MONTEVERDE; DECLARATION OF HOWARD M. EHRENBERG IN SUPPORT THEREOF [Fed. R. Bank. P. 9019]** |
| | **Date:**  November 10, 2010<br>**Time:**  11:00 a.m.<br>**Place:**  Courtroom 1568<br>             United States Bankruptcy Court<br>             255 E. Temple Street<br>             Los Angeles, CA  90012 |

**TO THE HONORABLE ERNEST ROBLES, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE, JOHN MONTEVERDE, AN INDIVIDUAL, CYNTHIA MONTEVERDE, AN INDIVIDUAL, AND ALL OTHER INTERESTED PARTIES:**

        **PLEASE TAKE NOTICE** that Howard M. Ehrenberg, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Ruderman Capital Partners, LLC ("RCP" or the "Debtor") hereby moves this Court for an order pursuant to Rule 9019 of the Federal Rules of

1

1    Bankruptcy Procedure approving a compromise of controversies by way of a settlement

2    agreement (the "Agreement") by, among, and between the Trustee and John Monteverde, an

3    individual, and Cynthia Monteverde, an individual (John Monteverde and Cynthia Monteverde

4    shall collectively  be referred to as the "Defendants") (the Trustee and Defendants are each

5    referred to individually as a "Party," and are referred to collectively as the "Parties"), settling

6    that certain adversary proceeding styled *Ehrenberg v. Monteverde*, Adv No. 2:10-ap-02328-ER

7    (the "Adversary Proceeding"), as set forth more fully in the Agreement.  The hearing will take

8    place on  November 10, 2010 at 11:00 a.m. in Courtroom 1568 of the United States Bankruptcy

9    Court for the Central District of California, Los Angeles Division, located at 255 East Temple

10   Street, Los Angeles, California.

11          The Agreement entered into by the Parties contains the following essential terms:  (1)

12   Defendants will pay to the Estate the total amount of Twenty-Six Thousand Four Hundred Forty-

13   Eight Dollars ($26,448.00)  in full and complete settlement of the Adversary Proceeding; (2)

14   Defendants will provide representations and warranties, as well as declarations under penalty of

15   perjury, as to the reasons for receipt of funds transferred from the Debtor and affirming that they

16   did not have any actual or inquiry notice of any kind that the Debtor, Ruderman Capital

17   Management, LLC or Bradley Ruderman were engaged in a Ponzi scheme or any other improper

18   activity, and that the funds that Defendants received from the Debtor were solely for the reasons

19   stated by Defendants; (3) the Trustee and Defendants shall provide general and mutual releases,

20   including a California Civil Code § 1542 waiver; and (4) the Agreement is subject to Court

21   approval.

22          **PLEASE TAKE FURTHER NOTICE** that this Motion is based upon this Notice of

23   Motion, the attached Memorandum of Points and Authorities, the Agreement, the declaration of

24   Howard M. Ehrenberg (the "Ehrenberg Declaration"), all papers and records in the above-

25   referenced bankruptcy case, all papers and records in the Adversary Proceeding, all matters of

26   which this Court may take judicial notice, and such further evidence and argument that may be

27   presented to the Court at the hearing on this matter.

28

1       **PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 9013-1(f) of the Local

2 Bankruptcy Rules, each interested party opposing, joining or responding to the Motion shall file

3 with the Clerk of the Bankruptcy Court and serve upon special litigation counsel for the Trustee in

4 the upper left hand corner of this pleading, the United States Trustee and upon Bradley Brook,

5 Esq., Law Offices of Bradley Brook, 11500 W. Olympic Blvd., Suite 400, Los Angeles, CA

6 90064, not later than fourteen (14) days before the date designated for the hearing either (A) a

7 brief but complete written statement of all reasons in opposition thereto or in support or joinder

8 thereof, an answering memorandum of points and authorities, declarations and copies of all

9 photographs and documentary evidence on which the opposing party intends to rely; or (B) a

10 written statement that the Motion will not be opposed.  The opposing papers shall advise the

11 adverse party that any reply to the opposition shall be filed with the Court and served on the

12 opposing party not later than seven (7) calendar days (not excluding Saturdays, Sundays and legal

13 holidays) prior to the hearing on the Motion.

14       **PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 9013-1(h) of the Local

15 Bankruptcy Rules, failure to timely file and serve a response in accordance with the Local

16 Bankruptcy Rules may be deemed to constitute consent to the relief requested by the Trustee in

17 the Motion.  The Trustee respectfully requests that the Court enter an order granting this Motion

18 and granting such other and further relief as the Court deems just and proper.

19

20 Dated:  October 11, 2010         **EZRA BRUTZKUS GUBNER LLP**

21

22         By: /s/ Corey R. Weber
          COREY R. WEBER

23         Special Litigation Counsel for
        Howard M. Ehrenberg, Chapter 7 Trustee

24

25

26

27

28

3

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The Trustee filed his complaint (the "Complaint") against Defendants in the Adversary Proceeding for avoidance and recovery of fraudulent transfers.  The Debtor was a hedge fund based in Beverly Hills, California that operated as a Ponzi scheme.  Defendants were not investors in, or members of, the Debtor.  Rather, Defendants invested funds with Ruderman Capital Management, LLC ("RCM"), an entity that was the manager of the Debtor, for private placement investments.  Prior to the petition date, Defendants received $33,061 in transfers from the Debtor.  The Complaint sought the avoidance and recovery of $33,061 from Defendants pursuant to 11 U.S.C. §§ 544, 548, 550 and California Civil Code § 3439, *et seq*.

The Parties have engaged in good faith settlement discussions that have resulted in the Agreement, which, if approved by the Court, will recover $26,448 for the Debtor's Estate. That amount represents 80% of the transfers that Defendants received from the Debtor, and without the need for continued, and potentially costly, litigation.

As part of analyzing a proposed settlement, the Trustee has reviewed documents provided by the Debtor, the Debtor's bank records and other documents provided by the United States Securities & Exchange Commission and the Federal Bureau of Investigation.  Further, the Agreement includes representations and warranties, and the Defendants will provide signed declarations under penalty of perjury, that Defendants did not have any actual knowledge of the Debtor's Ponzi scheme, and did not have inquiry notice of any improper activities by the Debtor, RCM or Bradley Ruderman.

The Trustee has thoroughly analyzed his claims, and Agreement, and, in his business judgment, found that the Agreement is fair and reasonable and is in the best interests of the Estate.

Based on the grounds stated herein and in the Ehrenberg Declaration, the Trustee respectfully requests that the Court grant this Motion and enter an order:

1.      Approving the Agreement;

4

1       2.      Authorizing the Trustee to take any and all other actions necessary or appropriate

2  to effectuate the Agreement; and

3       3.      Granting such other relief as the Court deems just and proper.

4

5                                        **II.**

6                                  **BACKGROUND**

7  **A.      The Bankruptcy Case.**

8       On or about April 23, 2009 (the "Petition Date"), petitioning creditors Pacific Credit

9  Corporation, Ryan Wald and the Jordan and Dori Katz Family Trust of 2006 filed an involuntary

10 petition against the Debtor under Title 11, Chapter 7 of the United States Code.  The Order for

11 Relief on the involuntary petition was entered by the Court on May 27, 2009.

12      The notice of appointment of Howard M. Ehrenberg as Chapter 7 Trustee and fixing of

13 bond and acceptance of appointment was executed by the Trustee on or about June 5, 2009 and

14 was filed with the Court the same day (the "Order Appointing the Trustee").

15      On July 30, 2009 the Court entered an order approving the Trustee's application to

16 employ Ezra Brutzkus Gubner LLP as the Trustee's special litigation counsel to pursue

17 preference on fraudulent transfer actions on behalf of the Estate.  The Court subsequently entered

18 an order on February 11, 2010 approving the Trustee's application to amend the Ezra Brutzkus

19 Gubner LLP employment order.

20 **B.      The Criminal Case Against Bradley Ruderman.**

21      The Debtor was a hedge fund with its principal place of business in Beverly Hills,

22 California, operated by its manager, Ruderman Capital Management, LLC ("RCM") and by

23 RCM's managing member, Bradley L. Ruderman ("Ruderman").

24      On or about May 14, 2009, the United States Department of Justice filed a criminal

25 complaint against Ruderman for knowingly and intentionally executing a scheme to defraud

26 investors related to the Debtor, engaging in wire fraud, among other things (United States

27 District Court Case No. CR 0900757, pending in the Central District of California, Western

28 Division).  Ruderman surrendered to Federal Bureau of Investigation agents following the

1   criminal charges.  On or about August 6, 2009, the United States Department of Justice filed

2   further information regarding five counts against Ruderman for wire fraud (two separate counts),

3   investment advisor fraud (two separate counts), and willful failure to file a tax return (one count).

4   Among other things, the filing by the Department of Justice alleged that "Defendant

5   RUDERMAN would not invest the money entrusted to him by victim-investors as he had

6   promised to do.  Instead, without informing the victim-investors or obtaining their authorization,

7   defendant RUDERMAN would use the victim-investor funds to make "interest" payments and

8   returns of capital to other victim-investors; to fund cash disbursements to himself; to fund his

9   gambling activities; and to pay his own personal expenses and obligations arising from other

10  business activities."

11        On or about August 24, 2009 Ruderman pleaded guilty to all five criminal counts against

12  him.  Ruderman was subsequently sentenced by the District Court on or about January 11, 2010

13  to more than 10 years in federal prison.

14  **C.     The Adversary Proceeding.**

15        The Trustee filed the Complaint against Defendants on July 22, 2010.  No answer or

16  responsive pleading has been filed by Defendants given the resolution of the Adversary

17  Proceeding, subject to Court approval of the Agreement.  The status conference in the Adversary

18  Proceeding was set by the Court for October 7, 2010.  The Parties have timely filed a joint status

19  report.  On September 23, 2010, the Parties filed a stipulation to extend time to respond to the

20  Complaint, to continue the status conference date and to extend the time for the Parties to

21  exchange initial disclosures.  On September 28, 2010, the Court entered an Order granting the

22  stipulation, extending the deadline for Defendants to respond to the Complaint to October 21,

23  2010, continuing the status conference to November 18, 2010, and extending the deadline to

24  exchange initial disclosures to 14 days after the continued status conference.

25  **D.     The Salient Terms of the Agreement.**

26        Recognizing the litigation risks, and desiring to eliminate the costs of further and

27  protracted litigation, the Parties agreed to the following general terms of the Agreement (the

28  following is only a summary of the Agreement; all parties in interest are respectfully directed to

the Agreement itself, attached hereto as **Exhibit A** to the Ehrenberg Declaration, for the specific

terms of the Agreement; to the extent any terms listed below are inconsistent with the

Agreement, the terms of the Agreement shall govern):

    1.  Defendants will pay to the Estate the total amount of Twenty-Six Thousand Four

       Hundred Forty-Eight Dollars ($26,448.00)  in full and complete settlement of the

       Adversary Proceeding;

    2.  Defendants will provide representations and warranties, as well as declarations

       under penalty of perjury, as to the reasons for their receipt of funds transferred

       from the Debtor and affirming that they did not have any actual or inquiry notice

       of any kind that the Debtor, RCM or Bradley Ruderman were engaged in a Ponzi

       scheme or any other improper activity, and that the funds that Defendants

       received from the Debtor were solely for the reasons stated by Defendants;

    3.  The Trustee and Defendants shall provide general and mutual releases, including

       a California <u>Civil Code</u> § 1542 waiver; and

    4.  The Agreement is subject to Court approval.

     The Trustee notes that, pursuant to the terms of the Agreement, he has received $26,448

from Defendants, and which the Trustee is holding in trust, subject to Court approval of the

Agreement.  As set forth herein, the Agreement is the product of arms'-length negotiations

between disinterested Parties, and is in the best interests of the Estate and its creditors and should

be approved.

**III.**

**<u>ARGUMENT</u>**

**A.    <u>Legal Standards for Approval</u>.**

     Federal Rule of Bankruptcy Procedure 9019 provides that on motion by a Trustee, the

Court may approve a compromise or settlement.  Fed. R. Bankr. P. 9019(a).

     The decision of whether to approve or reject a proposed compromise is addressed to the

sound discretion of the Court and is to be determined by the particular circumstances of each

case.  <u>In re Walsh Construction, Inc.</u>, 669 F.2d 1325, 1328 (9th Cir. 1982); <u>In re Woodson</u>, 839

7

1   F.2d 610, 620 (9th Cir. 1988); In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert.*

2   *denied*, 479 U.S. 854, 107 S. Ct. 189 (1986).

3         More specifically, a Court should review the following factors in considering whether to

4   approve a proposed settlement:

5         (a) The probability of success in the litigation; (b) the difficulty, if any, to be

6         encountered in the matter of collection; (c) the complexity of the litigation

7         involved, and the expense, inconvenience and delay necessarily attending it; and

8         (d) the paramount interests of the creditors and a proper deference to their

9         reasonable views in the premises.

10  Woodson, *supra*, 839 F.2d at 620 (quoting A&C Properties, *supra*, 784 F.2d at 1381).   A

11  settlement negotiated by a trustee, as a representative of the Estate, is entitled to deference.  In re

12  Morrison, 69 B.R. 586, 592 (Bankr. E.D. Pa. 1987).

13        The Court need not conduct an exhaustive investigation into the validity or a mini-trial on

14  the merits of the claims sought to be compromised. In re Walsh Construction, Inc., *supra*, 669

15  F.2d at 1328.  In fact, the Court need not decide the questions of law and fact raised in the

16  controversies sought to be settled, and need not determine whether the settlement presented is the

17  best one that could possibly have been achieved.  Instead, the Court's responsibility is only to

18  "canvass the issues to see 'whether the settlement falls below the lowest point in the zone of

19  reasonableness.'" In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S.

20  822 (1984) (quoting Newman v. Stein, 464 F.2d 689, 698 (2d Cir.), *cert. denied*, 409 U.S. 1039

21  (1972)).

22        The Trustee has the right to exercise reasonable business judgment in an effort to

23  maximize the value of the assets of the Estate.  So long as a proposed compromise results in a

24  recovery above the lowest point in the range of reasonable compromises, the Trustee should be

25  authorized to proceed with such compromise.  In light of the facts and circumstances in this case,

26  application of the A&C Properties factors shows that the compromise set forth in the Agreement

27  is fair and equitable, is in the best interests of the Estate, and is well above the lowest point in the

28  range of reasonableness.

**B.**     **Application of the *A&C Properties* Factors Demonstrates That the Agreement Should Be Approved.**

The Trustee has sufficiently evaluated the Agreement and has compared the benefits of entering into the Agreement as opposed to continuing litigation with Defendants.  In evaluating the Agreement, the Trustee has reviewed the numerous documents and information available to him, including but not limited to the Debtor's bank records and documents provided to him by the United States Securities and Exchange Commission and the Federal Bureau of Investigation. Based on this evaluation, the Trustee has determined that entering into the Agreement is in the best interests of the Estate because it is fair and equitable, is a reasonable and appropriate exercise of the Trustee's business judgment, and will avoid the time, expense and risk inherent in further litigation with Defendants.  The Trustee has evaluated the <u>A&C Properties</u> factors in exercising his business judgment as to whether to enter into the Agreement, and has concluded that under these factors, the Agreement should be approved.

**1.     Probability of Success on the Merits.**

If the Adversary Proceeding were to be litigated, the Trustee is confident that because Defendants were not investors in, or members of the Debtor, had no contractual relationship with the Debtor, and received the transfers solely on account of investments in RCM, he would prevail on the causes of action for fraudulent transfer to the extent of the Defendant's receipt of transfers from the Debtor, which amount to $33,061.  Given the likely costs in connection with pursuing the Adversary Proceeding, the Trustee believes that the settlement amount in the Agreement, $26,448, represents an approximately 20% discount from the likely outcome in the Adversary Proceeding, not including any interest awarded in a judgment.  The discount takes into consideration the costs and risks associated with continuing the litigation.

**2.     The Difficulty, If Any, In Collection.**

The Trustee is not aware of any issues in regard to difficulty in collection of a potential judgment.

/ / /

/ / /

### 3.    The Complexity, Expense and Inconvenience of Litigation.

Certain of the claims asserted in the Complaint, namely the fraudulent transfer causes of action, would involve somewhat complex issues of law and fact in relation to a potential good faith defense that may be asserted by Defendants as to Defendants' actual or inquiry notice of improper activities of the Debtor.  The litigation of the Complaint, including discovery, law and motion practice (including dispositive motions), and potential expert testimony, would take at least 6 months. Although the Estate has employed Ezra Brutzkus Gubner LLP to pursue the Adversary Proceeding on a contingency basis, the Estate would still bear any costs associated with the Adversary Proceeding.  Given the maximum potentially recoverable amount of approximately $33,061, costs to be incurred in the case, including but not limited to depositions, could equal or exceed the discount provided to Defendants.  It therefore does not make economic sense to proceed with litigating the claims given the settlement amount of $26,448.

### 4.    The Paramount Interests of Creditors.

The Agreement, together with the Trustee's recovery in other actions, gives the Estate with a means of potentially providing a dividend to the general unsecured creditors of the Estate. The Agreement provides an absolutely certain benefit to the Estate in that it achieves a recovery for the Estate of $26,448, which amount the Trustee has in his possession, subject to Bankruptcy Court approval.

Based on the foregoing factors, the Trustee has concluded that entering into the Agreement is the most prudent and economical method of maximizing the recovery for the Estate, and has exercised his reasonable business judgment in concluding that it is better to proceed with the settlement than to continue litigating the Adversary Proceeding with Defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

# IV.

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court grant this Motion and enter an order:

1. Approving the Agreement;

2. Authorizing the Trustee to take any and all other actions necessary or appropriate to effectuate the Agreement; and

3. Granting such other relief as the Court deems just and proper.

Dated:  October 11, 2010     Respectfully Submitted,

           **EZRA BRUTZKUS GUBNER LLP**

           By:  /s/ Corey R. Weber
             COREY R. WEBER
             Special Litigation Counsel for
             Howard M. Ehrenberg, Chapter 7 Trustee

## DECLARATION OF HOWARD M. EHRENBERG

I, Howard M. Ehrenberg declare:

1.      I am an attorney at law duly admitted to practice before this Court and am the duly appointed, qualified and acting Chapter 7 trustee of the bankruptcy estate (the "Estate") of debtor Ruderman Capital Partners, LLC (the "Debtor").  Each of the facts contained in this declaration is based on personal knowledge and, if called as a witness, I could and would competently testify thereto under oath.

2.      I have been on the Panel of Chapter 7 Trustees since 1995.  I have been a licensed attorney practicing exclusively in bankruptcy and insolvency matters since 1986.  As a chapter 7 and 11 trustee, I have been the plaintiff in hundreds of adversary proceedings.

3.      On or about April 23, 2009 (the "Petition Date"), petitioning creditors Pacific Credit Corporation, Ryan Wald and the Jordan and Dori Katz Family Trust of 2006 filed an involuntary petition against the Debtor under Title 11, Chapter 7 of the United States Code.  The Order for Relief on the involuntary petition was entered by the Court on May 27, 2009.

4.      I executed the notice of appointment of Howard M. Ehrenberg as Chapter 7 Trustee and fixing of bond and acceptance of appointment on or about June 5, 2009 and the notice was filed with the Court the same day.

5.      On July 30, 2009 the Court entered an order approving my application to employ Ezra Brutzkus Gubner LLP as my special litigation counsel to pursue preference and fraudulent transfer actions.  The Court subsequently entered an order on February 11, 2010 approving my application to amend the Ezra Brutzkus Gubner LLP employment order.

6.      I am informed and believe that the Debtor was a hedge fund with its principal place of business in Beverly Hills, California, operated by its manager, Ruderman Capital Management, LLC ("RCM") and by RCM's managing member, Bradley L. Ruderman ("Ruderman").

7.      I am informed and believe that on or about May 14, 2009, the United States Department of Justice filed a criminal complaint against Ruderman for knowingly and intentionally executing a scheme to defraud investors related to the Debtor, engaging in wire fraud, among other

1    things (United States District Court Case No. CR 0900757, pending in the Central District of

2    California, Western Division).  I am further informed and believe that Ruderman surrendered to

3    Federal Bureau of Investigation agents following the criminal charges.  On or about August 6,

4    2009, the United States Department of Justice filed further information regarding five counts

5    against Ruderman for wire fraud (two separate counts), investment advisor fraud (two separate

6    counts), and willful failure to file a tax return (one count).  Among other things, the filing by the

7    Department of Justice alleged that "Defendant RUDERMAN would not invest the money entrusted

8    to him by victim-investors as he had promised to do.  Instead, without informing the victim-

9    investors or obtaining their authorization, defendant RUDERMAN would use the victim-investor

10   funds to make "interest" payments and returns of capital to other victim-investors; to fund cash

11   disbursements to himself; to fund his gambling activities; and to pay his own personal expenses and

12   obligations arising from other business activities."

13        8.    I am informed and believe that on or about August 24, 2009 Ruderman pleaded

14   guilty to all five criminal counts against him.  I am further informed and believe that Ruderman

15   was subsequently sentenced by the District Court on or about January 11, 2010 to more than 10

16   years in federal prison.

17        9.    Through my special litigation counsel, I filed the Complaint against Defendants on

18   July 22, 2010.  No answer or responsive pleading has been filed by Defendants given the

19   resolution of the Adversary Proceeding, subject to Court approval of the Agreement.  The status

20   conference in the Adversary Proceeding was set by the Court for October 7, 2010.  The Parties

21   have timely filed a joint status report.  On September 23, 2010, the Parties filed a stipulation to

22   extend time to respond to the Complaint, to continue the status conference date and to extend the

23   time for the Parties to exchange initial disclosures.  On September 28, 2010, the Court entered an

24   Order granting the stipulation, extending the deadline for Defendants to respond to the Complaint

25   to October 21, 2010, continuing the status conference to November 18, 2010, and extending the

26   deadline to exchange initial disclosures to 14 days after the continued status conference.

27        10.   On or about October 11, 2010, I executed the Agreement with Defendants.  A true

28   and correct copy of the Agreement is attached hereto as **Exhibit A** and is incorporated herein by

13

1  reference.  Pursuant to the terms of the Agreement, I have received $26,448 from Defendants, and

2  am holding that amount in trust, subject to Court approval of the Agreement.

3      11.    In analyzing the reasonableness of the Agreement, I considered the four factors

4  established by the Ninth Circuit in the <u>A & C Properties</u> case, including: (1) probability of success

5  in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the

6  complexity of the litigation and the expense, inconvenience and delay attending it; and (4) the

7  paramount interests of creditors.  My analysis in this regard follows in the paragraphs below.

8      12.    <u>Probability of Success on the Merits</u>.  If the Adversary Proceeding were to be

9  litigated, I am confident that because Defendants were not investors in, or members of the Debtor,

10  had no contractual relationship with the Debtor, and received the transfers solely on account of

11  investments in RCM, I would prevail on the claims for fraudulent transfer to the extent of the

12  Defendant's receipt of transfers from the Debtor, which amount to $33,061.  Given the likely costs

13  in connection with pursuing the Adversary Proceeding, I believe that the settlement amount in the

14  Agreement, $26,448, represents an approximately 20% discount from the likely outcome in the

15  Adversary Proceeding, not including any interest awarded in a judgment.  The discount takes into

16  consideration the costs and risks associated with continuing the litigation.

17      13.    <u>Collection Risk</u>.  I am not aware of any issues in regard to difficulty in collection of

18  a potential judgment.

19      14.    <u>Complexity of the Litigation and the Expense, Inconvenience and Delay Necessarily

20  Attending It</u>.  Certain of the claims asserted in the Complaint, namely the fraudulent transfer causes

21  of action, would involve somewhat complex issues of law and fact in relation to a potential good

22  faith defense that may be asserted by Defendants as to Defendants' actual or inquiry notice of

23  improper activities of the Debtor.  The litigation of the Complaint, including discovery, law and

24  motion practice (including dispositive motions), and potential expert testimony, would take at least

25  6 months. Although the Estate has employed Ezra Brutzkus Gubner LLP to pursue the Adversary

26  Proceeding on a contingency basis, the Estate would still bear any costs associated with the

27  Adversary Proceeding.  Given the maximum potentially recoverable amount of approximately

28  $33,061, costs to be incurred in the case, including but not limited to depositions, could equal or

1  exceed the discount provided to Defendants.  It therefore does not make economic sense to proceed

2  with litigating the claims given the settlement amount of $26,448.

3        15.   <u>Paramount Interest of Creditors</u>.  The Agreement, together with the recovery in

4  other actions, gives the Estate with a means of potentially providing a dividend to the general

5  unsecured creditors of the Estate.  The Agreement provides an absolutely certain benefit to the

6  Estate in that it achieves a recovery for the Estate of $26,448, which amount I have in my

7  possession, subject to Bankruptcy Court approval.

8        16.   The Agreement is the product of arms'-length negotiations between disinterested

9  Parties.  Based on the foregoing, it is my opinion that the Agreement is fair, reasonable, is in the

10  best interests of the Estate, and should be approved.

11        I declare under penalty of perjury under the laws of the United States of America that the

12  foregoing is true and correct.

13        Executed October _11_, 2010 at Los Angeles, California.

14

15

16                          HOWARD M. EHRENBERG

17

18

19

20

21

22

23

24

25

26

27

28

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Howard M. Ehrenberg, Chapter 7 bankruptcy trustee (the "Trustee") for the Chapter 7 bankruptcy estate of debtor Ruderman Capital Partners, LLC, a California limited liability company (the "Debtor") (the "Estate"), defendants John Monteverde, an individual and Cynthia Monteverde, an individual (collectively, the "Defendants"). The Trustee and Defendants, the parties hereto (collectively referred to as the "Parties,") agree as follows:

### RECITALS

A.    WHEREAS, on April 23, 2009, petitioning creditors Pacific Credit Corporation, Ryan Wald and the Jordan and Dori Katz Family Trust of 2006 filed an involuntary petition under Title 11, Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, Case No. 2:09-bk-19539-ER against Ruderman Capital Partners, LLC (the "Bankruptcy Case"). The Order for Relief on the involuntary petition against Debtor was entered by the Court on May 27, 2009. The notice of appointment of the Trustee was executed by the Trustee on or about June 5, 2009 and was entered by the Court the same day.

B.    WHEREAS, on or about July 21, 2010, the Trustee filed the Complaint to Avoid and Recover Fraudulent Transfers (the "Complaint"), which initiated the adversary proceeding entitled *Ehrenberg v. Monteverde,* Adv. No. 2:10-ap-02328-ER (the "Adversary Proceeding,") currently pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court");

C.    WHEREAS, Defendants dispute that the alleged fraudulent transfers are avoidable or recoverable by the Trustee;

D.    WHEREAS, in order to fully and finally resolve the disputes described herein and to avoid the hazards and expense of litigation, the Trustee and Defendants hereby enter into this compromise and settlement.

NOW, THEREFORE, in consideration of the mutual terms and covenants to be performed by each party, the Parties hereby agree as follows:

### Terms of Agreement

1.    _Effective Date._    Upon his receipt of the fully executed Agreement, the Trustee will promptly seek the Bankruptcy Court's approval of this Agreement. This Agreement shall become effective on the eleventh (11th) day after a final order is entered by the Bankruptcy Court approving this Agreement, and no appeal is taken therefrom or, if an appeal is so taken, the eleventh day after any stay pending appeal expires (the "Effective Date").

2.    _Payment by Defendants._    Within three (3) business days after all parties have executed this Agreement, Defendants shall pay the total amount of Twenty-Six Thousand Four Hundred Forty-Eight Dollars ($26,448.00) to the Trustee (the "Settlement Amount"). The Settlement Amount shall be paid by cashier's check made payable to "Howard M. Ehrenberg, Chapter 7 Trustee for debtor Ruderman Capital Partners, LLC." The Settlement Amount shall be delivered to the attention of Steven T. Gubner, Esq. and Corey R. Weber, Esq., Ezra Brutzkus Gubner LLP, 21650 Oxnard Street, Suite 500, Woodland Hills, CA

1

91367. If either this Agreement is not approved by the Court, or the Agreement is approved but an appeal is taken and a stay is issued and remains effective and binding upon the parties through December 31, 2010, the Trustee shall promptly return the Settlement Amount to counsel for Defendants and this Agreement shall be of no further force or effect.

3.   <u>Dismissal Of Adversary Proceeding</u>.      Within five (5) business days after the Effective Date, provided that the Trustee has received the Settlement Amount, the Trustee shall file a Notice of Dismissal in the Adversary Proceeding with prejudice with each party bearing his/her own respective attorney's fees and costs in connection with the Adversary Proceeding and this Agreement.

4.   <u>Release of Claims</u>.      The Trustee, on behalf of the Debtor, Debtor's Estate, and on behalf of their respective successors and assigns, and anyone claiming through or under any of the foregoing, and each of them, without the necessity of executing any other document or agreement, and effective upon the Effective Date, as defined above, hereby fully releases and forever discharges the Defendants from any and all actual or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys fees, liabilities, and indemnities, whether known or unknown, arising from or relating to the Complaint, and from any other potential avoidance action, including, but not limited to, any action arising under 11 U.S.C. §§ 544, 547, 548 and 550 and California Civil Code § 3439, *et seq.*.

Defendants, on their behalf, without the necessity of executing any other document or agreement, and effective upon the Effective Date, as defined above, hereby fully release and forever discharge the Trustee, the Debtor's Estate, and the Trustee's attorneys and other professionals from all actual or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys fees, liabilities, and indemnities, whether known or unknown, arising from or relating to the Complaint, and from any other potential action or claim against the Trustee, the Debtor's Estate and the Trustee's attorneys and other professionals.

The Parties understand that the release of claims set forth in this Agreement covers claims within the areas specified which the Parties have knowledge of and those which they may not know about. The Parties expressly waive all rights under Section 1542 of the California Civil Code, which Section the Parties have read and understand, and which provides as follows:

**SECTION 1542. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Parties agree that the 1542 release and other releases contained herein do not release or negate the Trustee's (or any creditor's) right to object to any claim of Defendants listed on the Debtor's Statements and Schedules, and/or to object to a proof of claim filed by Defendants.

5.   <u>Defendants' Representations</u>.

a.   Defendant represents to the Trustee the following:

a.   Defendants made no investments in the Debtor.

2

b.   Defendants received the following transfers from the Debtor: $12,050 on or about June 28, 2005; and $21,011 on or about December 12, 2005. Defendants have reviewed their records and are not aware of having received any other transfers from the Debtor.

c.   Defendants had a relationship with Ruderman Capital Management, LLC ("RCM") to purchase private placements for Defendants.

d.   Defendants did not have any actual or inquiry notice of any kind that the Debtor, RCM or Bradley Ruderman were engaged in a Ponzi scheme or any other improper activity, and the funds that the Defendants received from the Debtor were solely on account of investments for private placements with RCM.

e.   Concurrently with the execution of this Agreement, Defendants agree to execute a declaration under penalty of perjury affirming the representations made by the Defendant herein.

6.     Non-Admission.      By entering into this Agreement, the Parties agree and understand that this is a compromise and settlement of disputed claims and that there is no implication or admission of liability or wrongdoing whatsoever by the Parties with respect to the issues in dispute. The Parties further agree and understand that by entering into this Agreement, the existence and execution of this Agreement shall not be considered, nor be offered or received into evidence or otherwise filed or lodged in any proceeding, except as may be necessary to prove the terms of this Agreement or to enforce this Agreement, nor may it be considered or deemed admissible as an admission by the Parties of any liability, wrongdoing, error, or violation of law.

7.     Integration.      This is an integrated Agreement. The terms of this Agreement are contractual and are not merely recitals. This Agreement supersedes all prior representations and agreements, if any, between the parties or their legal counsel. This Agreement contains the entire and only understanding between the Parties. It may not be altered, amended or extinguished, except by a writing which expressly refers to this Agreement and which is signed subsequent to the execution of this Agreement by the party or parties to any such alteration, amendment or extinguishment, or their successors-in-interest. Any such alteration, amendment or extinguishment must be executed by the party against whom enforcement is sought and is subject to approval by the Bankruptcy Court.

8.     Severability.      If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

9.     Binding Effect.      This Agreement shall be binding upon and inure to the benefit of the Trustee, the Debtor's Estate, and Defendants, and each of them, and their respective heirs, executors, administrators, assigns, successors-in-interest, predecessors-in-interest and anyone claiming by, through or under any one of them.

10.     Construction.      This Agreement shall be governed and construed in accordance with the internal laws, other than choice of law, of the State of California and, where applicable, the United States Bankruptcy Code.

11.    <u>Jurisdiction</u>.        The Bankruptcy Court shall retain jurisdiction over this Agreement, even after dismissal of the Adversary Proceeding, and shall resolve any disputes arising under this Agreement.

12.    <u>Miscellaneous</u>.        As used in this Agreement, the masculine, feminine or neuter gender, or the singular or plural number, shall be deemed to include the others, whenever the text so indicates. Captions and paragraph headings are inserted solely for convenience and shall not be deemed to restrict or limit the meaning of the text. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

13.    <u>Authority</u>.        Each of the signatories to this Agreement warrants that he or she has the authority to sign on behalf of the Party to this Agreement and that no other signature is required.

14.    <u>Terms Read and Understood</u>.        The Parties to this Agreement hereby certify that they have read all of the terms of the foregoing Agreement, have conferred with counsel pertaining to same, or have had the full opportunity to do so, and fully understand all of the terms hereof, and the Parties hereby acknowledge and represent that they enter into this Agreement of their own free will and not from any representation, commitment, promise, pressure or duress from any other Party.

15.    <u>Counterparts and Facsimile and Pdf Signatures</u>.        This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and will become effective and binding upon the parties at such time as all of the signatories hereto have signed a counterpart of this Agreement, subject to Court approval. All counterparts so executed shall constitute one Agreement binding on all the parties hereto, subject to Court approval, notwithstanding that all parties are not signatories to the same counterpart. A facsimile of pdf signature shall, for purposes of this Agreement, be deemed to constitute an original signature and be binding as such.

Dated:    _10/11/10_                    HOWARD M. EHRENBERG,
                                        CHAPTER 7 BANKRUPTCY TRUSTEE FOR
                                        DEBTOR RUDERMAN CAPITAL PARTNERS, LLC


                                        By: _____
                                            HOWARD M. EHRENBERG
                                            Chapter 7 Trustee

Dated:    _10/3/10_                      DEFENDANT JOHN MONTEVERDE


                                        By: _____
                                            JOHN MONTEVERDE

Dated:    _10/3/10_                      DEFENDANT CYNTHIA MONTEVERDE


                                        By: _____
                                            CYNTHIA MONTEVERDE

4

<u>Approved as to Form</u>:

Dated: _____10/11/10_____

    EZRA BRUTZKUS GUBNER LLP

By: _____
    STEVEN T. GUBNER
    COREY R. WEBER
    Special Litigation Counsel for
    Howard M. Ehrenberg, Chapter 7 Trustee
    for Debtor, Ruderman Capital Partners, LLC


Dated: _____

    LAW OFFICES OF BRADLEY BROOK

By: _____
    BRADLEY BROOK
    Attorneys for Defendants, John Monteverde,
    an individual, and Cynthia Monteverde,
    an individual

5

| In re: RUDERMAN CAPITAL PARTNERS, LLC, | CHAPTER 7 |
|---|---|
| Debtor(s). | CASE NUMBER 2:09-bk-19539-ER |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.**

A true and correct copy of the foregoing document described **CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR APPROVAL OF COMPROMISE WITH DEFENDANTS JOHN MONTEVERDE AND CYNTHIA MONTEVERDE; DECLARATION OF HOWARD M. EHRENBERG IN SUPPORT THEREOF [Fed. R. Bank. P. 9019]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 15, 2010,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Howard M Ehrenberg** - ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com, hmehrenberg@ecf.epiqsystems.com
**Garrick A Hollander** - sconnor@winthropcouchot.com
**Yi S Kim** - ykim@greenbass.com
**Sandra W Lavigna** - lavignas@sec.gov
**Daniel A Lev** - dlev@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com
**Nathan D Meyer** - nmeyer@raklaw.com, ksanderlin@raklaw.com
**Damon G Saltzburg** - ds@srblaw.com, cs@srblaw.com
**United States Trustee (LA)** - ustpregion16.la.ecf@usdoj.gov
**Katherine M Windler** -  katherine.windler@bryancave.com

☐        Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **October 15, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

| | |
|---|---|
| Honorable Ernest M. Robles | <u>Chapter 7 Trustee</u> |
| United States Bankruptcy Court | Howard M. Ehrenberg |
| Los Angeles Division – Roybal Federal Bldg. | SulmeyerKupetz |
| 255 E. Temple Street, Suite 1560 | 333 South Hope Street, 35th Floor |
| Los Angeles, CA  90012-3332 | Los Angeles, CA  90071 |

☒        Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 15, 2010 | MELA ZEPEDA | /s/ Mela Zepeda |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9013-3.1**

| | |
|---|---|
| In re:  RUDERMAN CAPITAL PARTNERS, LLC,<br><br>Debtor(s). | CHAPTER  7<br>CASE NUMBER 2:09-bk-19539-ER |

## BY U.S. MAIL

ABRAMSON LIVING TRUST
c/o LAURENCE ABRAMSON
3921 ROCK HAMPTON DRIVE
TARZANA, CA 91356

ANDREW L. DUDNICK, ESQ.
DUDNICK DETWILER RIVIN & STIKKER
351 CALIFORNIA ST. FIFTEENTH FLOOR
SAN FRANCISCO, CA 94104

AUSTIN COOPER KATZ
10330 KESWICK
LOS ANGELES, CA 90064

DAVID L. RAY. ESQ.
12121 WILSHIRE BLVD., SUITE 600
LOS ANGELES, CA 90025

DEAN A. AVEDON, CPA
12301 WILSHIRE BLVD., SUITE 200
LOS ANGELES, CA 90025

FRANCHISE TAX BOARD
BANKRUPTCY UNIT
PO BOX 2952
SACRAMENTO, CA 95812

GOLDMAN SACHS
EXECUTION & CLEARING
30 HUDSON STREET
JERSEY CITY, NJ 07302

HALPERN FAMILY TRUST
c/o IRA HALPERN
10145 VANALDEN AVENUE
NORTHRIDGE, CA 91324

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
P.O. BOX 21126
PHILADELPHIA, PA  19114-0326

JORDAN AND DORI KATZ FAMILY TRUST OF 2006
10877 WILSHIRE BLVD., SUITE 1805
LOS ANGELES, CA 90024

EDWARD FRIEDMAN
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CA  90211-2406

ALAN ABRAMSON
ALAN ABRAMSON LIVING TRUST
9405 BRIGHTON WAY, SUITE 34
BEVERLY HILLS, CA 90210

ANTHONY BROWN
ANTHONY BROWN REVOCABLE TRUST
4203 COLONY PLAZA
NEWPORT BEACH, CA 92660

CHRISTIAN J. MIXTER ESQ.
MORGAN LEWIS
1111 PENNSYLVANIA AVE. NW
WASHINGTON, DC 20004

DAYAKAR PUSKOOR
6803 CARRIAGE LANE
COLLEYVILLE, TX 76034

EMPLOYMENT DEVELOPMENT DEPT.
BANKRUPTCY GROUP MIC 92E
P. O. BOX 826880
SACRAMENTO, CA  94280-0001

FRIEDMAN FAMILY TRUST
c/o Edward Friedman & Ruth Friedman
1047 ALVIRA STREET
LOS ANGELES, CA 90035

HALPERN FAMILY TRUST
c/o IRA HALPERN & SUSAN HALPERN
10145 VANALDEN AVENUE
NORTHRIDGE, CA 91324

INTERNAL REVENUE SERVICE
INSOLVENCY I STOP 5022
300 NORTH LOS ANGELES ST., RM 4062
LOS ANGELES, CA 90012-9903

JAMES D. RIDDET, ESQ
STOKKE & RIDDET
3 MACARTHUR PLACE, SUITE 750
SANTA ANA, CA 92707

SARA PFROMMER
2663 LITTLE KATE ROAD
PO BOX 3915
PARK CITY, UT  84060-3915

RICHARD I. KATZ
THE MODERN HEALTH COMPANIES
110 EAST HUNTINGTON DRIVE
MONROVIA, CA  91016-3415

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                      **F 9013-3.1**

In re:  RUDERMAN CAPITAL PARTNERS, LLC,

Debtor(s).

CHAPTER  7
CASE NUMBER 2:09-bk-19539-ER

KATZ FAMILY TRUST
C/O JORDAN KATZ, TRUSTEE
653 MORENO AVENUE
LOS ANGELES, CA 90049

LARRY NOGGLE
BIRDIE ONE
31 SILVER PINE
NEWPORT COAST, CA  92603

LMA 7, LTD
JOHN H. ROBERTSON
1 LONGHORN ROAD
BURNET, TX 78611

LOS ANGELES CITY CLERK
P. O. BOX 53200
LOS ANGELES, CA  90053-0200

MIHIR PARIKH & NANCY PARIKH LIVING TRUST
~~683 WEST MAUDE AVENUE~~
~~SUNNYVALE, CA 94085~~
**[Mail Returned - no forwarding]**

NOURMAND & ASSOCIATES REALTORS
11828 SAN VICENTE BLVD.
LOS ANGELES, CA 90049

PACIFIC CREDIT CORP
C/O CATHERINE BABAN SCANLON
6260 LOOKOUT RD.
BOULDER, CO 80301

PRABHAKAR GUNIGANTI SECURITIES LTD
PRABHAKAR GUNIGANTI
50 WATERFORD
NACOGDOCHES, TX 75961

RICHARD AND NANCY KATZ FAMILY TRUST
5255 AMESTOY AVENUE
ENCINO, CA 91316

RICHARD V SANDLER, ESQ.
MARON & SANDLER
1250 FOURTH STREET, SUITE 550
SANTA MONICA, CA 90401

ROTHBARD DIVERSIFIELD L.P.
C/O DR. RICHARD & TERRY ROTHBARD
7 SKYCREST
NEWPORT COAST, CA  92657

TERRY AND RICHARD ROTHBARD
c/o TIMOTHY D. CARLYLE
SONGSTAD & RANDALL LLP
2201 DUPONT DRIVE, SUITE 100
IRVINE, CA  92612-7511

RUDERMAN CAPITAL PARTNERS, LLC
ATTN: BRADLEY L. RUDERMAN, AGENT
6 HUTTON CENTRE, SUITE 1000
SANTA ANA, CA 92707

RUDERMAN CAPITAL PARTNERS, LLC
~~9440 SANTA MONICA BLVD., SUITE 600~~
~~BEVERLY HILLS, CA  90210-4619~~
**[Mail Returned - no forwarding]**

RYAN WALD    **[Mail Returned - no forwarding]**
~~10877 WILSHIRE BLVD., SUITE 1805~~
~~BEVERLY HILLS, CA 90024~~

RYAN WALD
3312 MANHATTAN AVE
MANHATTAN BEACH, CA 90266

U.S. SECURITIES & EXCHANGE COMM.
LOS ANGELES REGIONAL OFFICE
5670 WILSHIRE BLVD., 11TH FLR
LOS ANGELES, CA  90036

THOMAS A WALDMAN
6260 LOOKOUT RD.
BOULDER, CO 80301

WILLIAM D. COFFEE, ESQ.
SONGSTAD & RANDALL LLP
2201 DUPONT DRIVE, SUITE 100
IRVINE, CA  92612

WILLIAM A. FLORATOS, ESQ.
FLORATOS, LOLL & DEVINE
6 HUTTON CENTRE, SUITE 1000
SANTA ANA, CA  92707

WRENN E. CHAIS, ESQ.
STROOCK & STROOCK & LAVAN
2029 CENTURY PARK EAST
LOS ANGELES, CA  90067

ARTHUR A. GREENBERG, ESQ.
GREENBERG & BASS LLP
16000 VENTURA BLVD., SUITE 1000
ENCINO, CA  91436

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

| In re:  RUDERMAN CAPITAL PARTNERS, LLC, | CHAPTER  7 |
|---|---|
| Debtor(s). | CASE NUMBER 2:09-bk-19539-ER |

WILLIAM N. LOBEL, ESQ.
THE LOBEL FIRM, LLP
840 NEWPORT CENTER DR., STE. 750
NEWPORT BEACH, CA  92660

RUDERMAN CAPITAL PARTNERS, LLC
C/O BRADLEY L. RUDERMAN, AGENT
12121 WILSHIRE BLVD., SUITE 600
LOS ANGELES, CA  90025-1188

DAVID J. RICHARDSON, ESQ.
THE CREDITORS' LAW GROUP, APC
2301 HYPERION AVENUE, SUITE A
LOS ANGELES, CA 90027

BRADLEY E. BROOK, ESQ.
LAW OFFICES OF BRADLEY E. BROOK
11500 W. OLYMPIC BLVD., SUITE 400
LOS ANGELES, CA  90064

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**